1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                             EASTERN DISTRICT OF CALIFORNIA

10   CITIBANK, N.A., as Trustee,

11          Plaintiff,                          No. 2:13-CV-1268 KJM AC

12      v.
                                                ORDER
13   ARNEL FRANCISCO, et al.,

14          Defendants.
     _____/

15

16          On July 2, 2013, plaintiff Citibank N.A. ("Citibank") filed a motion to remand

17   this action to Solano County Superior Court, setting the hearing for August 2, 2013.  Under the

18   Local Rule 230(d), defendants' opposition or statement of non-opposition was due by July 19,

19   2013, but they have filed no response to the motion.  The court ordered the motion submitted

20   without argument and now GRANTS the motion to remand and ORDERS defendants' counsel to

21   show cause why she should not be sanctioned for violating Rule 11 of the Federal Rules of Civil

22   Procedure.

23   I.  BACKGROUND

24          On or about January 27, 2012, Citibank filed a complaint for unlawful detainer in

25   Solano County Superior Court, alleging that Citibank had purchased 128 Southport Court,

26   Vallejo, California at a trustee's sale on July 21, 2011; and that Citibank had served a notice to

1    quit on defendants Arnel and Janeth Francisco, but that defendants have refused to deliver

2    possession of the property to Citibank.  Notice of Removal, ECF No. 1- at 4-6.

3            On January 29, 2012, a process server left copies of the summons and complaint

4    at 128 Southport Court with Judith Geronimo, a member of the household, and thereafter mailed

5    copies of the documents to defendants.  Declaration of Ellie N. Berneman (Berneman Decl.), Ex.

6    C, ECF No. 5-5 at 2-9.

7            On February 3, 2012, defendant Arnel Francisco filed an answer.   Berneman

8    Decl., Ex. D.

9            On May 23, 2012, defendant Arnel Francisco filed bankruptcy and on July 26,

10   2012, the court dismissed the case.  Berneman Decl., Ex. E.

11           On February 4, 2013, defendant Arnel Francisco again filed bankruptcy.

12   Berneman Decl., Ex. F.  This action also was dismissed on March 19, 2013.  *Id.*  While this

13   second bankruptcy action was pending, on February 22, 2013, counsel removed the underlying

14   unlawful detainer action by filing it as an adversarial complaint in the second bankruptcy.

15   Berneman Decl., Ex. G.  On May 20, 2013, the bankruptcy court remanded the case to Solano

16   County Superior Court.  *Id.*

17           In the Notice of Removal filed in the instant case, counsel Voss asserts that the

18   removal is timely because defendants have not been properly served but accept service as of the

19   date the notice of removal was filed.  Notice of Removal, ECF No. 2 at 2.  She alleges that this

20   court has diversity jurisdiction because plaintiff and defendants are citizens of different states

21   and the amount in controversy exceeds $75,000 and because the case raises federal questions

22   "surrounding the construction of the Pooling and Service Agreement of the Structured Asset

23   Mortgage Investments II Trust 2007-AR5 . . . , " and about due process and foreclosure.  ECF

24   No. 2 at 2-4.[1]  These federal questions appear in a proposed answer to the unlawful detainer

25   _____

26   [1]  She also alleges that this is a core proceeding under 28 U.S.C. § 157(b), which gives
     bankruptcy judges the authority to hear proceedings.

2

1    complaint, as the face of the complaint includes no such questions.  ECF No. 2-8 at 2-18.

2    Counsel does not include a copy of Arnel Francisco's pro se answer.

3    II.  ANALYSIS

4           An action filed in state court may be removed to the district court where the state

5    court is located if the district court has original jurisdiction over the action.  28 U.S.C. § 1441(a).

6    District courts have original jurisdiction in two situations: 1) federal question jurisdiction over

7    "civil actions arising under the Constitution, laws, or treaties of the United States;" and 2)

8    diversity jurisdiction where "the matter in controversy exceeds the sum or value of $75,000,

9    exclusive of interest and costs" and there is complete diversity between the parties.  28 U.S.C.

10   §§ 1331, 1332(a).  The notice of removal "shall be filed within 30 days after the receipt by the

11   defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim

12   for relief upon which such action or proceeding is based . . . ."  28 U.S.C. § 1446(a); *Destfino v.*

13   *Reiswig*, 630 F.3d 952, 955 (9th Cir. 2011).  Although the time limit for removal petitions is not

14   jurisdictional, "a timely objection to a late petition will defeat removal."  *Fristoe v. Reynolds*

15   *Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980); *see also Kuxhausen v. BMW Fin. Serv. NA*

16   *LLC*, 707 F.3d 1136, 1142 n.4 (9th Cir. 2013).  To be timely, a motion for remand must be filed

17   within thirty days after notice of removal is filed.   28 U.S.C. § 1447(c).

18          Plaintiff's motion to remand is timely: the notice of removal was filed on June 24,

19   2013 and plaintiff's motion to remand was filed on July 2, 2013.  Defendants' notice of removal,

20   however, is certainly not timely: defendants were served by substituted service on January 29,

21   2012, when the process server left copies of the summons and complaint with Judith Geronimo

22   at 128 Southport Court, which is defendants' address, and mailed copies of the summons and

23   complaint to defendants on January 30, 2012.  CAL. CODE CIV. PRO. § 415.20(b) (authorizing

24   service at a party's "dwelling house, usual place of abode . . . in the presence of a competent

25   member of the household or a person apparently in charge of his or her . . . usual mailing address

26   . . . at least 18 years of age, who shall be informed of the contents thereof, and by thereafter

1    mailing a copy of the summons and of the complaint by first-class mail . . . to the person to be

2    served at the place where a copy of the summons and complaint were left"); *Doe v. Rafael*

3    *Saravia*, 348 F. Supp. 2d 1112, 1143 (E.D. Cal. 2004).  This substituted service became effective

4    on February 10, 2012, ten days after the documents were mailed to defendants.  CAL. CODE CIV.

5    PRO. § 415.20(b).  Defendants' notice of removal, filed five hundred days after service became

6    effective, is not timely.  Plaintiff's motion to remand the case to Solano County Superior Court is

7    granted.

8    III.  ORDER TO SHOW CAUSE

9            In the notice of removal counsel states that removal is timely, based on a claim

10   that defendants had not been served.  She does not even address the proofs of service filed in

11   Solano County Superior Court or the fact that at least one of her clients filed an answer in

12   Superior Court.

13           Under Rule 11, by signing a document, an attorney certifies that (1) she has read

14   the pleadings or motions she filed and (2) the pleading or motion is "well-grounded in fact," has

15   a colorable basis in law, and is not filed for an improper purpose.  FED. R. CIV. P. 11; *Cooter &*

16   *Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990); *Smith v. Ricks*, 31 F.3d 1478, 1488 (9th Cir.

17   1994).  The Rule requires that the lawyer undertake "an inquiry reasonable under the

18   circumstances" to determine whether her legal contentions are "warranted by existing law" and

19   that her factual claims either "have evidentiary support or, if specifically so identified, will likely

20   have evidentiary support after a reasonable opportunity for further investigation."  FED. R. CIV

21   .P. 11(b). When considering apparent Rule 11 violations, the court utilizes an objective standard

22   of reasonable inquiry, which does not require a finding of bad faith.  *Chambers v. NASCO, Inc.*,

23   501 U.S. 32, 47 (1991); *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 829 (9th Cir. 1986)

24   (concluding that subjective bad faith is not an element under Rule 11), *overruled on other*

25   *grounds*, *Cooter & Gell*, 496 U.S. at 399.  Accordingly, a "subjective intent . . . to file a

26   meritorious document is of no moment."  *Zaldivar*, 780 F.2d  at 830.  It appears that defendants'

4

counsel Voss failed to undertake a reasonable inquiry to determine whether her claim was warranted by existing law.

IT IS THEREFORE ORDERED that:

1.  Plaintiff's motion to remand, ECF No. 5, is granted and this case is remanded to Solano County Superior Court.

2.  Within fourteen days of the date of this order, counsel Voss is directed to show cause why she should not be sanctioned in the amount of $1500 for misrepresenting the timeliness of the removal.  Counsel is cautioned that a failure to respond to this order will result in the imposition of monetary sanctions and the non-compliance may be reported to the State Bar of California.

DATED:  August 1, 2013.

_____
UNITED STATES DISTRICT JUDGE