UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITIBANK N.A., AS TRUSTEE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ARNEL FRANCISCO, et al.,<br><br>　　　　Defendants. | Civ No.  S-13-1268 KJM AC<br><br><br>ORDER |
| IN RE LINDA Z. VOSS,<br>State Bar No. 111434 | |

　　　　This case was on calendar on November 14, 2013 at 3:30 p.m. for a hearing on the order directing Attorney Linda Z. Voss, State Bar Number 111434, to appear and show cause why she should not be held in contempt of court.  Neither Ms. Voss nor anyone on her behalf appeared.  The court learned after hearing that at 3:24 p.m. on November 14, Voss's assistant e-mailed the courtroom deputy, saying that Voss "has been detained in another matter and will not be at the hearing today" and asking for a continuance.

I. BACKGROUND

　　　　On June 24, 2013, Voss removed this unlawful detainer action from Solano County Superior Court, representing that the removal was timely because defendants were acknowledging service as of the date of the removal.  ECF No. 2 at 2.

/////

1

Citibank filed a motion for remand, observing among other things that it had filed the unlawful detainer action in January 2012 and summons and complaint had been served on the defendants two days after the action was filed. ECF No. 5-1 at 1. It added that Voss had removed the action to the bankruptcy court by filing an adversary complaint in defendants' second bankruptcy filing; the bankruptcy court remanded the case in May 2013. Counsel then removed the action to this court, claiming federal question jurisdiction and, as noted, claiming the removal was timely. *Id*. at 2.

Voss did not oppose the motion to remand, which was granted on August 1, 2013. ECF No. 11. In that order, the court directed Voss to show cause why she should not be sanctioned for misrepresenting the timeliness of the removal. *Id*. She was cautioned that failure to respond would result in a report to the State Bar. *Id*. Voss did not respond to the order.

On September 30, 2013, the court sanctioned Voss in the amount of $1,500 payable within seven days of the date of the order and directed the Clerk to send a copy of the order to the State Bar of California. ECF No. 12. Voss did not pay the sanction or otherwise respond to the court's order.

On November 7, 2013, the court issued the order setting a hearing on whether Voss should be held in contempt for failing to obey the previous orders and had a copy served on the State Bar and also the lawyer who represents Voss in currently-pending Bar disciplinary proceedings. ECF No. 14.

In the November 14 e-mail, Voss's assistant represented that Voss is "aware of the $1,500 and is working diligently to obtain the funds to pay it. She is asking if there can be a continuance of this hearing to allow her time to gather those funds."

II. ANALYSIS

Civil contempt is "a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006). Contempt is deemed civil when its purpose is remedial, either to compensate for the costs of the contempt or coerce future compliance. *Id*. at 1130 n.5 (citing *Portland Feminist Women's Health Ctr. v. Advocates for Life, Inc*., 877 F.2d 787, 790 (9th Cir. 1989)). A court must find the violation of its order by clear and convincing evidence, but need not find the contempt to be willful. *In re Dual-Deck Video Cassette Recorder Antitrust Litig*., 10 F.3d 693, 695 (9th Cir. 1993).

/////

        Although the Ninth Circuit has said that a civil contempt proceeding is a "trial" within the meaning of Rule 43(a) of the Federal Rules of Civil Procedure and thus requires testimony rather than affidavits, *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 495 (9th Cir. 1983), it has also said the failure to hold a hearing did not deny a contemnor due process when the moving party's affidavits were uncontroverted and the contemnor did not describe any evidence she would have presented at a hearing. *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1324 (9th Cir. 1998); *see United States v. Ayres*, 166 F.3d 991, 995-96 (9th Cir. 1999) (when contemnor "effectively conceded the contempt motion by explaining why he chose not to comply, rather than asserting he could not comply," court was not required to hold a hearing because the contemnor did not present anything creating a material issue of fact) (emphasis in original); *Thomas, Head & Greisen Emp. Trust v. Buster*, 95 F.3d 1449, 1459 (9th Cir. 1996).

        In this case, the court set the case for a hearing, directing Voss to be present and giving her or her representative the opportunity to appear and present evidence and argument. Voss once again disregarded the court's order, choosing instead to have her assistant e-mail the courtroom deputy six minutes before the hearing seeking a continuance. The court deems this communication, both in mode and content, to be Voss's concession that her failure to respond to the court's previous orders constitutes contempt of court. Moreover, even in the absence of this concession, the court finds the contempt by clear and convincing evidence:  Voss has never responded to or directly acknowledged the court's two prior orders calling for a response.

        Under Local Rule 184(a), this court may "after reasonable notice and opportunity to show cause to the contrary, take any . . . appropriate disciplinary action against the attorney" who is subject to discipline. Voss has previously demonstrated a disdain for this court's orders, or at least a complete inability to respond or comply, so imposing a further monetary sanction appears pointless and will do little to remedy the contempt. Accordingly, the court imposes a prefiling requirement on Voss.

        The Clerk of the Court is directed not to assign a civil case number to any new case filed by Voss until Voss demonstrates to the satisfaction of the judge to whom the case is assigned that she has paid the previously imposed sanction or that her failure or inability to do so

/////
/////
/////
/////

3

1  is justified.  In addition, the Clerk of the Court is directed to serve a copy of this order on the
2  State Bar of California, to the attention of Special Investigator F. Jacobs at the address shown on
3  the letter received from the investigator and dated November 15, 2013.
4          IT IS SO ORDERED.
Dated:  November 26, 2013.

_____
UNITED STATES DISTRICT JUDGE